IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TERAMORE DEVELOPMENT, LLC and Mary Harris | : : : |
| Plaintiffs, | : : |
| v. | : CASE NO.: 7:23-CV-39 (WLS) |
| LOWNDES COUNTY, GA, | : : : |
| Defendant. | : : |

**ORDER**

**I.   Introduction**

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 6); Plaintiffs' Motion to Remand (Doc. 11); and Defendant's Motions (Docs. 8 & 18) for hearings on those motions. Plaintiffs ask the Court to Order the above-styled action, in its entirety, remanded to the Superior Court of Lowndes County, Georgia wherein the action was originally filed, or in the alternative, to sever Plaintiffs' state law claims from the action and order those claims remanded back to the Superior Court of Lowndes County, on the grounds that the Court lacks subject matter jurisdiction. (Doc. 11). Defendant opposes remand, and also seeks dismissal of Plaintiffs' claims against it based on an alleged failure to state a claim for relief. (*See* Doc. 6).[1] For the reasons explained below, Plaintiffs' Motion (Doc. 11) is **GRANTED-IN-PART and DENIED-IN-PART**. Counts I and III of Plaintiffs' first Complaint (Doc. 3-1) are hereby **SEVERED** and **REMANDED** to the Superior Court of Lowndes County, Georgia.

---

[1] Defendant filed a second Motion to Dismiss (Doc. 25) and a Motion for Hearing (Doc. 27) on June 14, 2023. The Court will address Defendant's second Motion to Dismiss in a separate Order.

## II. Relevant Procedural and Factual Summary

The present action arises from a rezoning application filed by Plaintiffs to rezone a three-acre parcel of land in Lowndes County, Georgia. (Doc. 3-1, at 10 ¶ 36). The rezoning application requested that the parcel of land be rezoned from Estate-Agricultural ("E-A") to Commercial-Crossroads ("C-C") in order for Plaintiff Teramore to develop a Dollar General retail store on the land. (*Id.*) The application was considered by Defendant's Board of Commissioners, who denied the application. (Doc. 3-1, at 14 ¶ 62).

On February 22, 2023, Plaintiffs filed a "Notice of Appeal of Rezoning Decision and Complaint in Equity Challenging Legislative Action, for Declaratory Judgment, and for Writ of Mandamus" in Lowndes County Superior Court. (Doc. 3-1). Defendant timely removed this action from state court on March 29, 2023. (Docs. 1 & 3).

On April 04, 2023, Defendant filed its first Motion to Dismiss for Failure to State a Claim (Doc. 6) and an Answer (Doc. 7). On April 28, 2023, Plaintiffs filed a Motion to Remand (Doc. 11). Defendant filed its Response (Doc. 11) to Plaintiffs' Motion to Remand on May 18, 2023.

## III. Law and Analysis

### A. Motions for Hearing

The Court has reviewed the briefs and the record and finds that hearings are unnecessary for Defendant's First Motion to Dismiss, and Plaintiffs' Motion to Remand. Accordingly, the Court **DENIES** Defendant's Motions (Docs. 8 & 18) for hearings on Defendant's First Motion to Dismiss and Plaintiffs' Motion to Remand.

### B. Defendant's First Motion to Dismiss

Defendant filed its first Motion (Doc. 6) to dismiss for failure to state a claim, on April 4, 2023. Plaintiffs, however, amended their first Complaint with leave of the Court on May 26, 2023. (*See* Docs. 15, 20, 21 & 22). An amended complaint supersedes the original complaint, and therefore renders moot a motion to dismiss the original complaint. *See Jones v. Edmond*, 2014 WL 5801536 *2 (M.D. Ga. 2014); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citing *Proctor & Gamble Def. Corp. v. Bean*, 146 F.2d 598, 601 n.7 (5th Cir. 1945)). Accordingly, the Court **DENIES-AS-MOOT** Defendant's first Motion (Doc. 6) to dismiss for failure to state a claim.

### C.     Plaintiffs' Motion to Remand

Plaintiffs move the Court to remand its claims back to the Superior Court of Lowndes County Georgia contending that the Court lacks jurisdiction to hear the claims. (*See* Doc. 11-1). Federal courts are courts of limited jurisdiction. District courts may hear cases only in which there has been either a constitutional or congressional grant of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Generally, a defendant may remove a civil action in instances where the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a)-(b). Under 28 U.S.C. § 1446(c), however, the Court must remand any action in which the Court lacks subject matter jurisdiction. All doubts about jurisdiction should be resolved in favor of remand to state court, "because removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)).

### 1.     Original Jurisdiction

The first question is whether the Court has original jurisdiction over Plaintiffs' claims. Congress has granted federal district courts jurisdiction to hear cases which arise under federal law, thus creating "federal question" jurisdiction. 28 U.S.C. § 1331. A claim arises under federal law when a plaintiff's properly pleaded complaint, on its face, presents a federal question. *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The existence of federal question jurisdiction is determined based on the face of the complaint at the time of removal. *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). The Court, therefore, will look to Plaintiffs' original Complaint (Doc. 3-1) included in the Notice of Removal (Doc. 3) to determine the existence of federal question jurisdiction, rather than examining Plaintiffs' Amended Complaint (Doc. 22).

A complaint presents a federal question when either (1) federal law creates the cause of action asserted; or (2) where a complaint invoking only state-law "necessarily raise[s] a stated federal issue, which is actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." *Turbeville v. Fin. Indus. Regul. Auth.*, 874 F.3d 1268, 1274 (11th Cir. 2017) (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383–385 (2016)). Here, Plaintiff does not allege any

3

causes of action created by federal law. (*See* Doc. 3-1). The Court must, therefore, evaluate whether Plaintiffs' state-law claims present a federal question.

      a.    **Count I: Appeal of Zoning Decision**

Plaintiffs argue that the Court does not have original jurisdiction over Count I of the Complaint. (Doc. 11-1, at 7–9). Count I is an appeal to the Lowndes County Superior Court, pursuant to O.C.G.A. § 36-66-5.1, of the denial of Plaintiffs' rezoning request. (Doc. 3-1, at 16–21 ¶¶ 79-112). Plaintiffs contend that Count I, as an appeal for Georgia Superior Court review under O.C.G.A. § 36-66-5.1(a)(1), asks for a "uniquely state remedy properly resolved in Georgia's courts" and, therefore, the Court lacks original jurisdiction over the claim. (Doc. 11-1, at 7–9). Defendant counters that the relief Plaintiffs seek is beyond the scope of the review authorized under O.C.G.A. § 36-66-5.1 and, therefore, the only basis for Plaintiffs' claims in Count I is the United States Constitution—raising a clear federal question. (Doc. 17, at 2–4).

O.C.G.A. § 36-66-5.1 provides a procedure through which members of the public may petition Georgia superior courts for review of a local government's exercise of "zoning, administrative, or quasi-judicial powers" to afford due process as guaranteed by Article I, Section I, Paragraphs IX and XII of the Georgia State Constitution. O.C.G.A. § 36-66-5.1(a), which provides for review of zoning decisions in particular, provides:

> Zoning decisions . . . being legislative in nature, shall be subject to direct constitutional challenges regarding the validity of maintaining the existing zoning on the subject property or the validity of conditions or an interim zoning category other than what was requested in the superior court.

O.C.G.A. § 36-66-5.1(a) (effective July 1, 2022).

Defendant invites the Court to interpret this statute as authorizing challenges only to the constitutionality of existing zoning, and, by omission, excluding Plaintiffs' challenge to the constitutionality of a denial of a rezoning application. (Doc. 17, at 3–4). In support of this construction, Defendant cites a line of cases, which purportedly limit the review of Georgia superior courts in direct lawsuits to the constitutionality of existing zoning laws, and the statutory language of O.C.G.A. § 36-66-5.1(a). (Doc. 17, at 3–4) (citing *City of Atlanta v. Tap Assocs.,* 544 S.E.2d 433, 683 (Ga. 2001); *Town of Tyrone v. Tyrone, LLC*, 565 S.E.2d 806, 808 (Ga. 2002); *Diversified Holdings LLP v. City of Suwanee*, 807 S.E.2d 876, 879 (Ga. 2017)). The Court,

however, declines to adopt Defendant's interpretation of the statute as excluding Plaintiffs' appeal to the superior court for two reasons.

First, the cases Defendant cites predate the effective date of O.C.G.A. § 36-66-5.1, which represents a significant change in Georgia law regarding appeals of decisions by zoning authorities. *See Hall Cty. v. Cook Comms.*, 890 S.E.2d 462, 466 n.4 (Ga. Ct. App. 2023)[2]; 1 Ga. Real Estate Law & Procedure § 3:26.5 (7th ed.). Before Section 36-66-5.1, the distinction between a direct constitutional challenge to existing zoning, and an appeal of the denial of a rezoning application was critical to the type of review available in superior courts. *Hall Cty.*, 890 S.E.2d at 464 (citing *Moon v. Cobb Cty.*, 350 S.E.2d 461 (1986)). When hearing a direct constitutional challenge to a zoning ordinance, zoning authorities were deemed to be acting in a "legislative capacity," and superior courts reviewed decisions de novo. *Hall Cty.*, 890 S.E.2d at 464 (citing *Riverdale Land Grp., LLC v. Clayton Cty.*, 840 S.E.2d 132, 138–39 (Ga. Ct. App. 2020)). When "a special permit [was] sought under terms set out in the ordinance," however, zoning authorities were deemed to be acting in a "quasi-judicial capacity," to "determine the facts and apply the law," and aggrieved parties could challenge the decisions only by a writ of certiorari to a superior court, which, as a result, significantly curtailed the superior court's review of the evidentiary bases for decisions. *Hall Cty.*, 890 S.E.2d at 464 (citing *Forsyth Cty., v. Mommies Props.*, 855 S.E.2d 126 (Ga. Ct. Ap. 2021)). Consequently, the determination of whether a zoning authority was acting in a legislative or quasi-judicial capacity became critical on appeal, and the resulting appellate decisions were inconsistent. *See Hall Cty.*, 890 S.E.2d at 466 n.4; 1 Ga. Real Estate Law & Procedure § 3:26.5 (7th ed.).

Likely in response to the somewhat muddled state of Georgia zoning appeals law created by inconsistent appellate decisions, the Zoning Procedures Law was amended "to establish procedures for specified zoning hearings before quasi-judicial officers, boards, or agencies. Ga. H.R. News Release, 4/19/2022. The amendment included Section 36-66-5.1 which authorizes direct constitutional challenges in superior courts to "zoning decisions." Section 36-66-5.1, therefore, rendered the previously critical distinction between direct

---

[2] Although *Hall Cty. v. Cook Comms.* was decided after the effective date of Section 36-66-5.1, it concerns the review of a zoning decision made before the effective date of Section 36-66-5.1, and therefore, both accurately describes the state of Georgia law before Section 36-66-5.1 took effect and acknowledges the significant impact Section 36-66-5.1 will have on future review of zoning authority decisions. *Hall Cty.*, 890 S.E.2d at 462–466.

constitutional challenges to existing zoning laws, and appeals of denials of rezoning applications irrelevant by making both directly appealable to superior courts. And because Section 36-66-5.1(a) clarifies that all zoning decisions are "legislative in nature," and "challenges shall be by way of a de novo review," the amendment abrogated the previously curtailed review of the evidentiary bases for decisions in denials of re-zoning applications.

The cases which Defendant represents as limiting the review of Georgia superior courts in direct lawsuits to direct constitutional challenges of existing zoning laws were decided before the Zoning Procedures Law was amended to include Section 36-66-5.1. *See City of Atlanta*, 544 S.E.2d at 683; *Town of Tyrone*, 565 S.E.2d at 808; *Diversified Holdings*, 807 S.E.2d at 879. Because Section 36-66-5.1 erased the distinction between direct constitutional challenges and appeals of denials of rezoning applications, Section 36-66-5.1 supersedes the cases Defendant relies on, at least to the extent that those cases might foreclose direct appeals of denials of rezoning applications. Accordingly, the Court finds Defendant's reliance on those cases to support its interpretation of Section 36-66-5.1, misguided.

Second, Defendant, conveniently, overlooks another section of the Zoning Procedure Law which plainly forecloses its interpretation of Section 36-66-5.1(a). Section 36-66-5.1(a), at least on its face, is somewhat ambiguous, and its language does not, necessarily, contradict Defendant's interpretation authorizing challenges only to the constitutionality of existing zoning. The Drafters of the Amended Zoning Procedure Law, however, seem to have anticipated the potential for confusion, and included a definition of "zoning decision" at O.C.G.A. 36-66-3(4). Under Section 36-66-3(4)(C) a "zoning decision" includes "the adoption or denial of an amendment to a zoning ordinance to rezone property from one zoning classification to another." Section 36-66-5.1(a) in context, therefore, authorizes challenges to denials of rezoning applications. Accordingly, the Court rejects Defendant's interpretation of Section 36-66-5.1(a) as excluding Plaintiffs' challenge to the constitutionality of the denial of their rezoning application, and, as a result, finds that the allegations in Count I fall within the scope of the review authorized by Section 36-66-5.1.

The question therefore becomes whether the Court has original jurisdiction over an appeal of a zoning decision pursuant to Section 36-66-5.1, as alleged in Plaintiffs' first Complaint. This Court will have original jurisdiction if Plaintiffs' first complaint necessarily

raises a substantial, actually disputed federal issue, the adjudication of which by this Court will not offend notions of federalism. *See Turbeville*, 874 F.3d at 1274.

In Count I, Plaintiffs contend that the Lowndes County Development Code and the Georgia Supreme Court establish procedures for the Board of Commissioners to evaluate when considering an application to rezone property and allege that the board failed to follow these procedures in a number of ways. As a result, Plaintiffs allege, the board's denial of the Rezoning Application was "arbitrary, capricious, irrational, a manifest abuse of discretion; a taking of property without just and adequate compensation; a denial of rights to procedural and substantive due process; and a denial of equal protection guaranteed by the Georgia Constitution and the United States Constitution" (Doc. 3-1, at 20 ¶ 110).

The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether plaintiff is entitled to relief, does not necessarily raise a substantial federal issue. *Dunlap*, 381 F.3d at 1291–1292. The Court finds that Plaintiffs' claim does not raise a substantial federal issue for two reasons.

First, although Plaintiffs' first Complaint mentions violations of the United States Constitution, it is unclear whether those violations have any relevance to review under Section 36-66-5.1. Section 36-66-5.1 refers only to due process guarantees under the Georgia Constitution. *See* O.C.G.A. § 36-66-5.1. In other words, review under Section 36-66-5.1 may not implicate the United States at all. As a result, even though Plaintiffs refer to the United States Constitution in their Complaint, a Court reviewing the board's zoning decision under Section 36-66-5.1 would likely have little, or no, reason to reach the question of whether the procedural violations alleged violated the United States Constitution.

Second, the Court is persuaded by the reasoning in *Hale Found., Inc. v. Augusta-Richmond Cty., Ga.*, identified by Plaintiffs, in which the Southern District of Georgia found that reviews of zoning authority decisions authorized by Georgia statute are a "uniquely state remedy properly resolved in Georgia's courts," and, therefore, do not raise a substantial federal question. (Doc. 11-1, at 8) (citing *Hale Found.*, 2021 WL 1845982 *3–4 (S.D. Ga. 2021)). Other Georgia district courts, including this Court, have analogously found that when a statute authorizes review in Georgia courts of a local government's decision, claims brought under that statute do not raise a substantial federal question. *See Lockette v. City of Albany, Ga.*, 2005

7

WL 1926578 *1 (M.D. Ga. 2005); *see also Brantley Cty. Dev. Partners, LLC v. Brantley Cty, Ga.*, 559 F.Supp.3d 1345, 1372–73 (S.D. Ga. 2021). Here, Section 36-66-5.1 prescribes a state law remedy, and, therefore, the proper place for claims under the Section 36-66-5.1 to be adjudicated is Georgia superior courts. Accordingly, the Court finds that Count I of Plaintiffs' first Complaint does not raise a substantial federal question, and therefore, the Court does not have original jurisdiction over the claim.

b. **Count II: Violations of the Georgia and United States Constitution**

Count II alleges that the actions of the zoning board were unconstitutional under the due process and takings clauses of the Georgia Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution. (Doc. 3-1, at 21–22 ¶ 116). Despite the fact that interpreting the United States Constitution is integral to their allegations in Count II, Plaintiffs argue that the Court does not have original jurisdiction over Count II. (Doc. 11-1, at 9–10). In support of this argument Plaintiff cites a section of the Georgia Constitution waiving sovereign immunity in Georgia superior courts which, according to Plaintiffs, instructs this Court to remand the action. (*See* 11-11, at 9–10) (citing Ga. Const. Art. I, §, ¶ V(b)(1)). The Court fails to see the relevance of this constitutional provision to the present case and would need far more compelling authority to ignore the centrality of the federal constitutional questions to Plaintiffs' case, which raise exactly the types of issues it is appropriate for this Court to resolve. Accordingly, the Court finds that Count II of Plaintiffs' first Complaint raises a substantial federal question, and therefore, the Court has original jurisdiction over the claim.

c. **Count III: Mandamus Against the Members of the Board**

Count III alleges a purely state law claim for mandamus against the members of the board for failing to follow the procedural requirements set by the Lowndes County Development Code and the Georgia Supreme Court. (Doc. 3-1, at 24–25 ¶¶ 123-129). Count III raises no federal issues. Accordingly, the Court finds that it does not have original federal question jurisdiction over Count III of Plaintiffs' first Complaint.

2. **Supplemental Jurisdiction**

Because the Court has original jurisdiction over Count II, and lacks it over Counts I and III, the next question is whether the Court may exercise supplemental jurisdiction over Counts I and III. When a complaint sets forth a claim arising under federal law, a district court

8

may adjudicate state law claims that are so related to the claims asserted in Plaintiffs' complaint that they form part of the same controversy. 28 U.S.C. § 1367 (supplemental jurisdiction).

> a.  **Count I: Appeal of Zoning Decision**

Plaintiffs argue that the Court should decline to exercise subject matter jurisdiction over Count I. Pursuant to 28 U.S.C. § 1367(c)(1) a district court may decline to exercise supplemental jurisdiction over state law claims if "the claim raises a novel or complex issue of state law." Planning and zoning regulation are traditional functions of local governments granted directly to counties and municipalities by the Georga Constitution. *Hallmark Devs., Inc., v. Fulton Cty.*, 2004 WL 5492705 *21 (N.D. Ga. 2004) (citing Ga. Const. Art. 9, sec.2, para.4). And the statutory text of § 36-66-5.1 makes plain that its drafters intended Georgia superior courts to be the forum for adjudicating constitutional disputes about zoning board decisions. O.C.G.A. § 36-66-5.1 ("each of the powers described in this chapter may be reviewed by the superior court of the county wherein such property is located"). Moreover, the Eleventh Circuit, and others, have consistently acknowledged that "federal courts do not sit as zoning boards of review," and should therefore "be most circumspect in determining that constitutional rights are violated in quarrels over zoning decisions." *Spence v. Zimmerman*, 873 F.2d 256, 262 (11th Cir. 1989) (citing *Raskiewicz v. Town of New Boston*, 754 F.2d 38, 44 (1st Cir. 1985); *Albery v. Reddig*, 718 F.2d 245 (7th Cir. 1983); *Scott v. Greenville Cty.*, 716 F.2d 1409 (4th Cir. 1983)). Accordingly, the Court will follow the example set by other Georgia district courts and decline to exercise supplemental jurisdiction over Count I because its claims involve appeals of a zoning denial. *See Hallmark Devs.*, 2004 WL 5492705 at *21 (declining to exercise supplemental jurisdiction over state constitutional claims arising from the denial of a zoning application); *Brantley Cty. Dev. Partners*, 559 F.Supp.3d at 1383 (declining to exercise supplemental jurisdiction over an appeal of a decision of a zoning application under the pre-2022-amendment Zoning Procedure Act).

> b.  **Count III: Mandamus Against Members of the Board**

Neither Plaintiff nor Defendant make arguments about whether the Court may exercise supplemental jurisdiction over Count III. It is well established, however, that Federal district courts lack the authority to issue a writ of mandamus to direct state or local officials in the performance of their duties. *See e.g., Ridley v. Seller*, 2007 WL 2127799 *2 (M.D. Ga. 2007)

9

("Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361") (citing *Moye v. Clerk, DeKalb Cty. Superior Ct.*, 474 F.2d 1275, 1275–1276 (5th Cir. 1973)).[3] Accordingly, the Court cannot exercise supplemental jurisdiction over Count III.

### 3. Conclusion

In sum, the Court finds that it has original jurisdiction over Count II of the Complaint, but the Court does not have supplemental jurisdiction over Counts I and II of the Complaint. Accordingly, Plaintiffs' Motion (Doc. 11-1) is **GRANTED-IN-PART and DENIED-IN-PART**. Counts I and III are hereby **SEVERED** and **REMANDED** to the Superior Court of Lowndes County, Georgia.

## V. Conclusion

For the foregoing reasons, the Court (1) **DENIES** Defendant's Motions (Docs. 8 & 18) for hearings on Defendant's First Motion to Dismiss and Plaintiffs' Motion to Remand, (2) the Court **DENIES-AS-MOOT** Defendant's first Motion (Doc. 6) to dismiss for failure to state a claim, and (3) Plaintiffs' Motion (Doc. 11-1) is **GRANTED-IN-PART and DENIED-IN-PART**. Counts I and III of Plaintiffs' first Complaint (Doc. 3-1) are hereby **SEVERED** and **REMANDED** to the Superior Court of Lowndes County, Georgia. The only Count that remains in the above-styled action is Count II of Plaintiffs' first Complaint.

**SO ORDERED**, this 20th day of October 2023.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**

---

[3] Decisions of the former Fifth Circuit filed prior to October, 1 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).